IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

RAYMOND KENNETH BROOKS, JR.,

    Plaintiff,

v.                                       CIVIL ACTION NO. 3:13-CV-168
                                          (GROH)

BILL BARNEY and JOHN WILGEROTH,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE OF REMOTE ACCESS AND AFFIRMING DECEMBER 4, 2013 ORDER DENYING MOTION FOR *IN FORMA PAUPERIS* USE OF CM/ECS/PACER

Currently pending before the Court is the *pro se* Plaintiff's Motion for Leave of Remote Access, filed on December 10, 2013 [Doc. 33]. In this motion, the Plaintiff asks that the Court allow him to use electronic case filing ("ECF") in this case. He asserts that ECF would "be very helpful to" him because he "is substantially physically disabled." *Id.* ¶ 1. He further states, among other things, that "he should not be driving on a consistent basis, due to both his medical conditions and also due to the medication(s)." *Id.* ¶ 5. Previously, on December 2, 2013, the Plaintiff filed a Motion for *in Forma Pauperis* Use of CM/ECS/PACER [Doc. 16]. In that motion, the Plaintiff also asked that the Court permit him to use ECF. The Court denied the motion on December 4, 2013 [Doc. 22], finding that the Plaintiff failed to show good cause to allow him to file electronically.

In light of this procedural history, the Court construes the Plaintiff's Motion for Leave of Remote Access as a Motion to Reconsider its December 4, 2013 Order because he is requesting that the Court grant him permission to use ECF after the Court denied his

earlier motion that made the same request. Under Rule 4(A) of this District's Administrative Procedures for Electronic Case Filing, the Plaintiff, as a *pro se* litigant, may only use ECF if he receives the Court's "express permission." The Order denying the Plaintiff's motion requesting this permission therefore is an interlocutory order because it is not a final judgment or order. *See* FED. R. CIV. P. 54(b).

A court may revise an interlocutory order "at any time before the entry of a judgment." *Id.*; *see also* **Boyd v. Coventry Health Care, Inc.**, 828 F. Supp. 2d 809, 813 (D. Md. 2011) (citing **Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.**, 460 U.S. 1, 12 (1983)). This power is discretionary. *See* **Moses H. Cone Mem. Hosp.**, 460 U.S. at 12 (stating that "every order short of a final decree is subject to reopening at the discretion of the district judge"). In light of this discretion, "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." **Am. Canoe Ass'n v. Murphy Farms, Inc.**, 326 F.3d 505, 514-15 (4th Cir. 2003). "Nevertheless, 'doctrines such as law of the case . . . have evolved as a means of guiding' district courts' discretion to reconsider interlocutory orders." **Boyd**, 828 F. Supp. 2d at 813 (citing **Am. Canoe Ass'n**, 326 F.3d at 514-15). "The law of the case doctrine dictates that courts must follow the law that a prior decision establishes unless '(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.'" *Id.* (citing **Sejman v. Warner-Lambert Co., Inc.**, 845 F.2d 66, 69 (4th Cir. 1988)). "Albeit omnipresent, the law of the case doctrine cannot positively prohibit a district court from

reconsidering an interlocutory order in light of federal courts' 'ultimate responsibility . . . to reach the correct judgment under law.'" *Id.* (citing **Am. Canoe Ass'n**, 326 F.3d at 514-15). "Yet 'concerns of finality and judicial economy' may temper this responsibility." *Id.* "Therefore, relief is rarely ever appropriate '[w]hen the motion raises no new arguments, but merely requests the district court to reconsider a legal issue or to change its mind.'" *Id.* (citing **Pritchard v. Wal-Mart Stores, Inc.**, 3 Fed. App'x 52, 53 (4th Cir. 2001)).

Having again reviewed the Plaintiff's Motion for *in Forma Pauperis* Use of CM/ECS/PACER, the Court does not find good cause to grant it particularly given that the motion does not include any reason for its request. Only now, after the Court denied that motion, has the Plaintiff supported his request for ECF access with reasons concerning his health. The Plaintiff therefore is not contending that the Court committed a legal or factual error in denying his motion. Instead, he is asking that the Court change its mind based on information regarding his averred medical condition that was available to him when he filed his initial motion. This generally is an improper basis for granting relief from a prior decision. *See Boyd*, 828 F. Supp. 2d at 813.

Even considering the Plaintiff's reasons, they do not constitute good cause to allow him to use ECF. The Plaintiff expresses concern with traveling to the Clerk's Office to file documents given, among other things, that he is "substantially physically disabled." ([Doc. 33] ¶ 1.) However, this Court's local rules do not limit a *pro se* litigant to filing by paper via in-person delivery to the Clerk's Office. The Plaintiff may also fax or mail documents to the Clerk's Office. *See* **N.D. W. VA. R. GEN. P.** 5.01(c) (reviewing the requirements for paper filing but not requiring that a litigant deliver paper documents

3

in person); **N.D. W. VA. R. GEN. P.** 5.05 ("A party may file any document in a civil action, other than a complaint or petition, by fax transmission."). Indeed, the Plaintiff is aware of the alternatives to filing documents in person as he has faxed a document to the Clerk's Office for filing. See [Doc. 37]. This awareness demonstrates that the Plaintiff does not require ECF access to litigate this matter. See *Kwik-Sew Pattern Co. v. Gendron*, No. 1:08-CV-309, 2008 WL 4623832, at *1 (W.D. Mich. Oct. 17, 2008) (denying *pro se* defendants' request to file electronically where, even assuming filing in person imposed an "extreme hardship" on the defendants, the defendants could mail documents for filing and had used that method on prior occasions). Thus, having considered the Plaintiff's Motion for *in Forma Pauperis* Use of CM/ECS/PACER and Motion for Leave of Remote Access, the Court does not find good cause to allow the Plaintiff to file electronically in this case.

Accordingly, the Court **DENIES** the Plaintiff's Motion for Leave of Remote Access and **AFFIRMS** its December 4, 2013 Order denying the Plaintiff's Motion for *in Forma Pauperis* Use of CM/EFS/PACER.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this order to all counsel of record and/or *pro se* parties.

**DATED:** December 18, 2013.

GINA M. GROH
UNITED STATES DISTRICT JUDGE